Yazoo & Mississippi Valley Railroad Company *v.* Hearn.

[71 South. 561.]

1. CARRIERS. *Carriage of passengers. Actions. Evidence. Jury question. Measure of damages.*

In a suit by a passenger against a railroad company for damages for being carried beyond her destination and having to walk back, the court held under the facts shown in the opinion of the court that the question of defendant's negligence was properly submitted to the jury.

2. SAME.

Where a female passenger was negligently carried by a railroad company beyond her destination and was forced to walk back four or five miles in the day time, when the weather was cold and the ground muddy and her walk aggravated her sore eyes, a judgment for plaintiff for four hundred and fifty dollars will not be disturbed.

APPEAL from the circuit court of Warren county.

Hon. T. G. Birchett, Judge.

Suit by Ida Hearn against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*Anderson, Vollor & Kelly,* for appellee.

Sykes, J., delivered the opinion of the court.

Suit was instituted by the appellee in the circuit court of Warren county for damages alleged to have been sustained on November 14, 1912, by her for failure of one of the passenger trains of the appellant company to stop at King's Crossing for her to debark from its passenger train, upon which she had taken passage at Redwood for King's Crossing, both being small stations in Warren county. The uncontradicted facts in the case show that on the above date the appellee here, plaintiff below, Miss Ida Hearn, lived with her brother about a mile from King's Crossing; that she had lived in the country in Warren county about twenty-two years; that on the day in question she had been visiting her sister, who lives about one mile from the station of Redwood; and that she and her niece, Miss Middie Smithart, walked from her sister's house to Redwood and purchased tickets to King's Crossing, paying the sum of twenty cents for each ticket; that they boarded a passenger train of the appellant, but that said train failed to stop for them at their point of destination, King's Crossing, and took them to Vicksburg, about six or seven miles further on from King's Crossing. When appellee reached Vicksburg, she and her niece hired a carriage for one dollar, and were driven to the city cemetery. The testimony shows that appellee was not familiar with the surroundings of the city of Vicksburg at the station, but that she had been to Vicksburg through the country at various times, and was familiar with the road passing by the city cemetery, and it was for this reason that she hired the driver to transport them to the cemetery. The testimony further shows that the reason she did not hire the driver to take her all the way to her brother's home was because she did not have sufficient money with her to pay the hack fare. After getting out at the cemetery, she and her niece walked from there to her brother's home, part of the distance, or about two miles, over the

park road, which seems to be a graveled or macadamized road, and the balance of the distance, three or four miles, over a dirt road. The appellee states that, in all, she walked about six miles. They arrived in Vicksburg about twelve o'clock in the day, and she and her niece reached her brother's home before dark—somewhere in the neighborhood of five o'clock in the afternoon. The testimony further shows that had she gotten off at the station of King's Crossing, she and her niece would have then walked to her brother's home, a distance of about one mile . Plaintiff in the court below, in her instructions to the jury, only asked to recover the actual damages sustained by her on account of the negligence of the railroad company. These actual damages, as testified to by her, consisted, in addition to the dollar and twenty cents expended for hack hire and ticket, of having to take the extra walk of about four or five miles in bad weather on a cold, damp day, over a muddy road, as a result of which she suffered with a bad cold for about a week, and also with her eyes. The testimony shows that her eyes were weak, and she suffered with them more or less all the time, and that whenever she caught cold it aggravated this trouble, and that on this occasion the cold settled in her eyes, caused by the wind. She further testified that her eyes were always sore, but that they were not so bad when she did not have to go in the wind. Upon this statement of facts, the jury returned a verdict in favor of the plaintiff for four hundred and fifty dollars and judgment of the lower court was entered accordingly. From which judgment this appeal is here prosecuted.

The question of negligence was properly submitted to the jury and was decided by them in favor of the plaintiff in the court below. The only question before this court is whether or not the verdict of the jury was grossly excessive, evincing passion and prejudice. The testimony of the plaintiff in the court below, the appellee here, which the jury believed, shows that because of the negligence of the defendant company, she was forced to

take an additional walk of four or five miles in the day-time, when the weather was cold and the ground muddy; that as a result thereof her sore eyes were aggravated and she contracted a cold, from both of which she suffered for about a week. It was therefore a question of fact for the jury to say what amount would compensate her there-for.

*Affirmed.*